# Barclay *v.* Southern Railway Co.

### Damage to Goods.

(Decided November 28, 1912.    60 South. 479.)

*Carriers; Goods; Injury After Delivery.*—When a carrier has completed contract of delivery by delivering the goods to the consignee, and the consignee has accepted and assumed full custody before the damage occurred, the carrier is not liable either as carrier or as warehouseman for injuries to the goods from whatever cause.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by D. E. Barclay against the Southern Railway Company for damages for injury to goods. Judgment for defendant and plaintiff appeals. Affirmed.

VIRGIL BOULDIN, for appellant. Under the complaint as amended and the evidence, the court was in error in giving the affirmative charge for the defendant, and in refusing a like charge for the plaintiff.—*Barclay v. So. Ry.,* 1 Ala. App. 348; 1 Words & Phrases, 611; *Wood's case,* 66 Ala. 167; *Tallassee Falls Mfg. Co. v. Wes. Ry.,* 128 Ala. 167; *Frederick v. L. & N.,* 133 Ala. 486.

LAWRENCE E. BROWN, for appellee. Although the count was amended the evidence was the same as on former trial, and the court had no alternative but to

direct a verdict for the defendant.—*Barclay v. So. Ry.,* 1 Ala. App. 348, and authorities cited in the opinion, and in brief for the Southern Railway Company.

PELHAM, J.—The principal difference between this case as now presented and when it was here on former appeal (*So. Ry. Co. v. Barclay,* 1 Ala. App. 348, 56 South. 26) lies in the fact that the plaintiff (appellant) on the second trial in the court below added a count to the complaint setting up that, under the terms of the contract of shipment, the car in which the goods were shipped was to be used as a warehouse or depot for the safe-keeping of the goods until plaintiff had a reasonable time to remove same, and that, before plaintiff had a reasonable time to remove the goods from the car, they were injured by rains due to the defective condition of the car.

The facts in this case as presented on this appeal, as on the former appeal, show a complete delivery of the goods by the carrier to the consignee before injury to them, and what we said on that appeal on that question is equally applicable to the proof made under the allegations set out in the additional count of the complaint filed on the second trial. There could be but one delivery, and the consignee having assumed complete control over the goods upon their arrival at destination before the damage occurred, the defendant could not be held liable, for its liability was at an end. It had completed its contract and performed all the duties for the performance of which it was responsible by delivery of the goods to the consignee in good condition prior to the injury complained of. The consignee had accepted the goods, and they were in his sole custody under lock and key, and the defendant did not even have access to them, and was not afforded the opportunity to

protect them from the injury complained of had it undertaken to do so. The defendant cannot be held liable to respond in damages under its contract of shipment, either as a warehouseman or as a common carrier, for injuries or damage received to the goods from whatever cause resulting after completion by the defendant of its contract by carrying the goods to the point of destination and there delivering them to a consignee who accepts the shipment and assumes sole custody of the good before the damage is suffered.

The consignee may have had the right to refuse to accept a delivery of the goods tendered by the carrier under the conditions shown here until he had a reasonable time in which to remove the goods, and recover for injury due to the causes set up in the count added to the complaint happening during this period, but that is not the case; on the contrary, the evidence without conflict shows that the consignee had accepted the shipment and that the goods were in his possession, and not in any sense in the possession of the defendant, at the time they were damaged.

What we said on the former appeal of this case authorized the trial court to give the affirmative charge requested by the defendant, and our holding on that appeal is supported by the authorities there cited.

Affirmed.